BRADLEY, STATE BANK EXAMINER v. GUESS, *ET AL.*

(136 S. E., 482)

1. RECEIVERS—DEPOSITOR OF INSOLVENT BANK MAY NOT INSTITUTE ACTION IN FAVOR OF BANK WITHOUT APPLICATION TO BANK OR RECEIVER (CIV. CODE, 1922, § 3985).—Depositor of insolvent bank has no right to institute action in his own name in favor of bank without due application to the bank or its receiver, appointed under Civ. Code, 1922, § 3985.

2. PLEADING—DEPOSITOR OF INSOLVENT BANK MAY NOT, IN ANSWER TO RECEIVER'S ACTION, ASSERT CAUSE OF ACTION IN OWN FAVOR.—Depositor of insolvent bank may not, in answer to proceeding instituted by receiver to settle controversy between depositor and

mortgagee of bank, assert cause of action in his own favor, but should proceed independently of such action.

3. BANKS AND BANKING—APPLICATION FOR CHANGE OF RECEIVER SHOULD BE MADE IN PROCEEDING IN WHICH HE WAS APPOINTED (CIV. CODE, 1922, § 3985).—Application for change of receiver for insolvent bank, appointed in conformity with Civ. Code, 1922, § 3985, should be made in proceeding in which receiver was appointed.

Before DENNIS, J., Bamberg, November, 1925.  Affirmed.

Action by W. W. Bradley, State Bank Examiner, as receiver of the Bank of Denmark, against James B. Guess and others.  From an order striking out certain defenses by defendant D. Paul Folk in reply to answer of defendant Guess, said defendant Folk and others appeal.  Affirmed.

*Mr. S. G. Mayfield,* for appellants, cites: *"Sham pleadings:"* 20 Enc. Pl. & Pr., 13; 31 Cyc., 623, 624, 628; 97 S. C., 389; 44 S. C., 143; 69 S. C., 559; 97 S. C., 389. *Irrelevant or redundant matter may be stricken out:* Sec. 421, Code Proc. *Same defined:* 50 S. C., 54; Pom. Code Rem., Sec. 551; 74 S. C., 473. *Courts liberal in their construction of pleadings for an accounting:* 46 S. C., 133; 110 S. C., 534; Sec. 420, Code Civ. Proc. *"Answers:"* Sec. 410, Code Civ. Proc. *Amended pleadings:* 134 S. C., 228. *Stockholders of insolvent bank liable to depositors to the par value of their stock:* Ar. 9, Sec. 9, 18, Const. 1895. *Banking laws:* Sec. 3968, 3999, 4002, 3977, 3978, 3981, 3985, 3988, 3990, 3973, Code; Sec. 241, 258, Cr. Code. *Depositors share as common creditors in any judgment had in a suit for an accounting between the depositors, stockholders and officers of the bank:* 74 S. C., 474; 82 S. C., 382; 131 S. E., 612; 4 S. C., 514; 10 S. C., 345. *Failure of consideration may not be pleaded under a general denial:* 47 S. C., 176; 84 S. C., 117; 27 S. C., 621. *The burden of showing the bona fides of a transaction between near relatives rests upon the assailed parties to the transaction:* 32 S. C., 292; Bailey's Eq., 139; Id., 141–143; I McCord Ch., 526; 2 S. E., 781–783; Id., 35; 32 S. C., 171–173.

*Courts liberal in admitting evidence of fraud:* 20 S. C., 507. *Rights should not be settled upon the pleadings except in a plain case:* 114 S. C., 384.

*Messrs. J. Wesley Crum* and *Carter & Kearse,* for respondents.

January 28, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal, practically by the defendant D. Paul Folk alone, from an order of his Honor, Judge Dennis, striking out the first, second, and third defenses interposed by Folk in reply to the answer of the defendant J. B. Guess.

On April 25, 1925, in conformity with the provisions of Section 3985, Volume 3, Code of 1922, the State Bank Examiner, W. W. Bradley, was appointed receiver of the Bank of Denmark, an insolvent banking corporation. On August 25, 1925, the present action was instituted by said receiver against a long list of defendants, including J. B. Guess and D. Paul Folk, the main purpose of which was to settle a controversy between Folk, a depositor in the bank, and Guess, a mortgagee of the bank and assignee of a mortgage given to the bank by Leda K. Mayfield, and, that controversy being settled, to marshal the assets of the bank for distribution among its creditors.

It is alleged that at the time of the appointment of the receiver the bank held the legal title to 10 tracts of land, describing them, situated in Bamberg, Orangeburg, and Barnwell counties, and that prior to May 16, 1924, the bank was the owner of a certain mortgage executed to it by Leda K. Mayfield, on 300 acres of land in Bamberg county, as security for a note of $23,438.81, dated March 15, 1921, with 8 per cent. interest per annum from date; that on March 16, 1924, the bank executed a note to the defendant Guess, for $56,000.00, payable November 1, 1924, with interest from date at 4¼ per cent. per annum, and, as

security therefor, executed to Guess a mortgage upon the 10 tracts of land referred to and an assignment of the Mayfield mortgage; that the circumstances under which the foregoing instruments were executed, were as follows:

"That some time during the year 1920, or prior thereto, the said defendant James B. Guess deposited specially for safe-keeping with the Bank of Denmark Liberty bonds of the United States of America, amounting to the par value of $56,000.00; that during the fall of 1920, said bank, without the knowledge or consent of said owner, used the said bonds so deposited for safe-keeping as collateral for the purpose of borrowing money for its own use; that thereafter the said defendant James B. Guess learned that his bonds had been so used, and the bank thereupon agreed to redeem the bonds as soon as possible and return them to him, and, failing to do so in a reasonable time, to secure him to the extent of their value; it being understood that the bank was to pay the defendant the interest that would have accrued upon said bonds as it became due; that the Bank of Denmark, having failed to redeem the said bonds, in pursuance of said agreement, on or about the 16th day of March, 1924, made, executed, and delivered the collateral note above described to the said defendant, and thereby pledged and delivered to the said James B. Guess the bonds and mortgage above described of Mrs. Leda K. Mayfield, and also the bond of the Bank of Denmark for the full and just sum of $19,835.90, secured by its mortgage over tracts 1, 2, 3, and 4, above described, known as the Sanford property, its bond for the full and just sum of $7,843.92, secured by its mortgage over tracts Nos. 5, 6, and 7, above described, known as the Williams land, and its bond for the sum of $2,756.74, secured by its mortgage over tracts Nos. 8, 9, and 10, above described, known as the Spiers land; that plaintiff is informed and believes that the said transaction between the Bank of Denmark and James B. Guess is a *bona fide* transaction, that the Liberty bonds of said

defendant were held by the Bank of Denmark in trust for
the said defendant, and the securities listed in the collateral
note, having been substituted for the said Liberty bonds, are
impressed with the same trust in his hands and he, the de-
fendant James B. Guess, is entitled to the satisfaction of
the said note from the proceeds derived from the sale of
the said securities; any balance derived from such sale being
the property of this plaintiff."

The seventh paragraph of the complaint is as follows:

"That plaintiff is informed and believes that the defendant
D. Paul Folk is a depositor of the Bank of Denmark and
claims that the mortgages and securities so pledged to the
defendant James B. Guess are the property of the plaintiff,
and not of the defendant James B. Guess, and he is there-
fore made a party defendant hereto as a representative herein
of the creditors of the Bank of Denmark."

The twelfth paragraph is as follows:

"That this action is brought in order that the rights of all
parties in, to, or connected with the premises described in
the securities pledged to the defendant James B. Guess may
be determined in one cause and thereby save a multiplicity
of suits; that the said assets might be marshaled, converted
into cash, and the proceeds be paid out as determined by
this Court; that the cloud upon the title of the Sanford
lands might be removed and the said lands sold to the said
defendant J. R. Dodenhoff; and that the rights of de-
fendants having an interest in the lands described in the
Mayfield mortgage might be determined, and they in the
meantime be enjoined and restrained from interfering with
the plaintiff in the liquidating of the said mortgage."

The complaint contains other allegations not material to
the present controversy.

The answer of the defendant Folk contains a general
denial of the allegations of the complaint.

The defendant Guess served his answer, alleging the
circumstances under which the obligation of the bank, as

above described, was executed, the mortgage executed, and
the assignment made, and demanded foreclosure of the
mortgages. (Note: The statements in the answer of Guess
are not entirely clear. He alleges the execution of a note
by the Bank for $56,000.00; at the same time he alleges
the execution of three bonds secured by mortgage, as fol-
lows:

|  |  |
|---|---:|
|  | $19,835.90 |
|  | 7,843.82 |
|  | 2,756.74 |
| The Mayfield mortgage | 23,438.81 |
|  | $53,875.27 |
| Note | 56,000.00 |
| Discrepancy | $ 2,124.73) |

At the time of serving his answer, the defendant Guess
issued a summons and had it with a copy of his answer
served upon the defendant Folk.

The defendant Folk made reply to the answer of the
defendant Guess, and it is from his answer that the defenses
were stricken by the order of his Honor, Judge Dennis.

The answer contains an attack upon the validity of the
mortgage and assignment held by Guess and a statement
of certain facts, which, if true, constitute causes of action
in favor of the corporation or its receiver, or in his favor
as a depositor. Upon motion of the attorneys for the plain-
tiff and for the defendant Guess, all of the allegations of
the answer of Folk were stricken out except his general
denial of the allegations contained in the answer of Guess,
by order of his Honor, Judge Dennis, who held that the
allegations of the answer relevant to the real issue in the
case could be proved under the general denial.

So far as the answer states a cause of action in favor
of the corporation or its receiver, the depositor had
no right to institute an action therefor in his own

name without due application to the corporation or to the receiver (in this case). So far as it states a cause of action in his own favor, the receiver is not at all interested in that, and he should proceed independently of the present action. 7 C. J., 569. As to the demand for a change of receiver, application therefor should be made in the proceeding in which he was appointed.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER, and MR. ACTING ASSOCIATE JUSTICE PURDY, concur.